UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TITA RODAS, on behalf of herself and all others similarly situated, and on behalf of the general public,

Plaintiff,

v.

MONETARY MANAGEMENT OF CALIFORNIA, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,

Defendants.

No. 2:14-cv-01389-TLN-AC

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE**

This matter is before the Court pursuant to Defendant Monetary Management of California, Inc.'s ("Defendant") Motion to Strike Class and Representative Allegations from Plaintiff's Complaint or, in the Alternative, Exclude Certain Class Members from the Action ("Motion to Strike"). (Mot. to Strike, ECF No. 9.) Plaintiff Tita Rodas ("Plaintiff") has filed an opposition to Defendant's Motion. (Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 12.) The Court has carefully considered the arguments raised in Defendant's Motion and Reply as well as Plaintiff's Opposition. For the reasons set forth below, the Court DENIES Defendant's Motion to Strike.

## I. BACKGROUND

Plaintiff filed a putative class action against her previous employer Monetary Management of California, Inc., on behalf of herself, all others similarly situated, and the general public in California Superior Court, San Joaquin County on May 6, 2014. (Compl., ECF No. 1-2, Ex. A.) Plaintiff's Complaint states that she was employed by Defendant during 2014. (ECF No. 1-2, Ex. A at ¶ 7.) Plaintiff alleges that Defendant failed to pay her and all others similarly situated for all overtime wages; failed to provide rest periods, meal periods, or compensation thereof; failed to comply with itemized employee wage statement provisions; failed to timely pay wages due at separation of employment; and failed to pay all accrued but unused paid time off and vacation wages at separation. (ECF No. 1-2, Ex. A.) Plaintiff alleges violations of the California Labor Code and California Business and Professions Code Section 17200 *et seq*, and Plaintiff seeks recovery as part of a class action under California Code of Civil Procedure Section 382. (ECF No. 1-2, Ex. A at ¶ 13.) Plaintiff further asserts that this is a Representative Private Attorney General Action and Class Action for Unfair Business Practices ("PAGA") and seeks to enforce "important rights affecting the public interest" within the meaning of California Code of Civil Procedure § 1021.5. (ECF No. 1-2, Ex. A at ¶ 51.) Defendant filed a Notice of Removal on June 10, 2014 pursuant to the Class Action Fairness Act of 2005 ("CAFA"). (ECF No. 1.)

Plaintiff seeks to represent three classes. (ECF No. 1-2, Ex. A at ¶ 13.) Plaintiff defines the first class as "[a]ll current and former non-exempt California employees of [Defendant] who worked overtime and earned a bonus or commission during the same pay period since the date four [] years preceding the filing of this Action." (ECF No. 1-2, Ex. A at ¶ 13.) Plaintiff defines the second class as "[a]ll current and former non-exempt California employees of [Defendant] since the date four [] years preceding the filing of this Action. (ECF No. 1-2, Ex. A at ¶ 14.) Plaintiff defines the third class as "[a]ll former California employees of [Defendant] who separated their employment with Defendant[] on or after the date three [] years preceding the filing of this Action." (ECF No. 1-2, Ex. A at ¶ 15.)

Defendant contends that the overwhelming majority of the potential putative class members entered into arbitration agreements with Defendant and must resolve their disputes with

Defendant through arbitration. (ECF No. 9 at 7.) Thus, Defendant moves the Court to strike the class representative allegations from the Complaint, or in the alternative, exclude the signatories to the Arbitration Agreements from the class, pursuant to Rule 12(f) and Rule 23 of the Federal Rules of Civil Procedure. (ECF No. 9 at 2.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Olney v. Job.Com, Inc.*, No. 1:12-CV-01724-LJO-SKO, 2013 U.S. Dist. LEXIS 141339, at *7-8 (E.D. Cal. Sept. 30, 2013) (citing *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994).

Federal Rule of Procedure 12(f) states that when the Court strikes material from a pleading, the Court "may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."[1]

The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi—Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Alco Pacific*, 217 F. Supp. 2d at 1033; *see also Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (Motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be

[1] Plaintiff argues that Defendant's Motion to Strike pursuant to Fed. R. Civ. P. 12(f) is time barred because it was filed well beyond the deadline to respond to the operative pleading. (ECF No. 12 at 7.) The Court concedes that a motion to strike may be dismissed for being untimely. *See Medlock v. Taco Bell Corp.*, No. 1:07-cv-01314-SAB, 2014 U.S. Dist. LEXIS 70733, 5-6 (E.D. Cal. May 22, 2014) (finding defendants' motion untimely when defendants had already responded to the pleading at issue). However, the Court denies this Motion on other grounds.

stricken could have no possible bearing on the subject matter of the litigation."). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Alco Pacific*, 217 F. Supp. 2d at 1033 (internal quotation marks and citations omitted). "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Id.* (citing *Fogerty*, 984 F.2d at 1528).

Regarding class certification, the Supreme Court has observed that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *see also Olney*, 2013 U.S. Dist. LEXIS 141339, at *9-10. "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, courts have granted motions to strike class allegations." *Olney*, 2013 U.S. Dist. LEXIS 141339, at *10; *see also Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (granting motion to strike with leave to amend to define a narrower class); *Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 U.S. Dist. LEXIS 117562, at *19 (N.D. Cal. Dec. 17, 2009) (same). "However, motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for arguments pertaining to class allegations." *Olney*, 2013 U.S. Dist. LEXIS 141339, at *10; *see also Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); *Kazemi v. Payless Shoesource Inc.*, 2010 WL 963225, 2010 U.S. Dist. LEXIS 27666, at *5 (N.D. Cal. Mar. 16, 2010).

## III. ANALYSIS

Defendant moves the Court to strike the class representative allegations from Plaintiff's Complaint, or in the alternative, exclude the signatories to the Arbitration Agreements from the class, pursuant to Rule 12(f) and Rule 23 of the Federal Rules of Civil Procedure. (ECF No. 9 at 2.) Defendant contends that the overwhelming majority of the putative class members entered into Arbitration Agreements with Defendant and thus must resolve their disputes with Defendant

through arbitration. (ECF No. 9 at 7.) Defendant contends that striking Plaintiff's class allegations at this stage would eliminate redundancy and allow the Court to focus on the substantive merits of Plaintiff's allegations. (ECF No. 13 at 12.) Defendant, however, acknowledges that courts are disinclined to strike allegations at an early juncture. (ECF No. 9 at 7.)

Plaintiff argues that Defendant's Motion is premature. (ECF No. 12 at 7 & 9.) Plaintiff argues that the Pretrial Scheduling Order (ECF No. 8) explicitly prohibits discovery to address merits issues on behalf of putative class members until after the Court has ruled on Plaintiff's motion for class certification. (ECF No. 12 at 9.) Thus, Plaintiff asserts that analysis of the Arbitration Agreements is a merits issue and the Court should reserve its ruling. (ECF No. 12 at 9.) Plaintiff has not yet filed a motion for class certification. The Court finds that Defendant's Motion is premature and is therefore DENIED.

"[D]ismissal of class allegations at the pleading stage should be done rarely and [] the better course is to deny such a motion because 'the shape and form of a class action evolves only through the process of discovery.'" *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 614-15 (N.D. Cal. 2007) (citing *Myers v. MedQuist, Inc.*, No. 05-4608, 2006 U.S. Dist. LEXIS 91904, at *16 (D. N.J. Dec. 20, 2006)). Many courts have recognized that the sufficiency of class allegations is better addressed through a class certification motion, after the parties have had an opportunity to conduct some discovery.

Although Defendant argues that class allegations can be stricken at the pleadings stage, it is in fact rare to do so in advance of a motion for class certification. *See, e.g., Moreno v. Baca*, 2000 WL 33356835, 2000 U.S. Dist. LEXIS 21368, at *7 (C.D. Cal. Oct. 13, 2000) (holding that defendants' motion to strike class allegations was premature because no motion for class certification had been filed); *MedQuist, Inc.*, 2006 U.S. Dist. LEXIS 91904, at *31 ("[T]his Court will not entertain a challenge to Plaintiffs' class certification until Plaintiffs have had the opportunity to conduct at least limited discovery as to the issues surrounding class certification."). *See also In re NVIDIA GPU Litig.*, No. C 08-04312 JW, 2009 WL 4020104, 2009 U.S. Dist. LEXIS 108500, at *41 (N.D. Cal. Nov. 19, 2009) ("[a] determination of the ascertainability and

manageability of the putative class in light of the class allegations is best addressed at the class certification stage of the litigation"); *Shein v. Canon U.S.A., Inc.*, No. CV–08-07323CASEX, 2009 WL 3109721, 2009 U.S. Dist. LEXIS 94109, at *34 (C.D. Cal. Sept. 22, 2009) ("[t]he Court finds that these matters are more properly decided on a motion for class certification, after the parties have had an opportunity to conduct class discovery and develop a record"); *In re Jamster Mktg. Litig.*, No. 05CV0819 JM (CAB), 2009 WL 14566322009, U.S. Dist. LEXIS 43592, at *22-23 (S.D. Cal. May 22, 2009) ("[e]ven though the arguments of [the defendant] may ultimately prove persuasive, the court declines to address issues of class certification at the present time. Piece-meal resolution of issues related to the prerequisites for maintaining a class action do not serve the best interests of the court or parties"); *Cole v. Asurion Corp.*, No. CV 06-6649PSGJTLX, 2008 WL 54238592008, U.S. Dist. LEXIS 106048, at *37 (C.D. Cal. Dec. 30, 2008) ("[u]ndoubtedly, addressing these arguments at a later date will require additional time and expense on the part of the defendants. But the Court is reluctant to preemptively deny Plaintiff at least the opportunity to present a motion for class certification"); *In re Saturn L–Series Timing Chain Prods. Liab. Litig.*, 2008 WL 4866604, 2008 U.S. Dist. LEXIS 109978, at *76-77 (D. Neb. Nov. 7, 2008) ("Even where 'plaintiffs' class definitions are suspicious and may in fact be improper, plaintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery of, for example, the . . . lists that they claim will identify the class members") (citations omitted); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715 SC, 2006 WL 3422198, 2006 U.S. Dist. LEXIS 88988, at *9 (N.D. Cal. Nov. 28, 2006) (finding that a motion to strike class allegations from a complaint "is an improper attempt to argue against class certification before the motion for class certification has been made and while discovery regarding class certification is not yet complete").

Generally, the Court reviews class allegations through a motion for class certification. *See, e.g.*, *Moreno*, 2000 U.S. Dist. LEXIS 21368, at *7 (finding defendants' motion to strike class allegations premature because no motion for class certification was before the court). Given the relatively early stage of the proceedings, it is premature to determine whether this matter should proceed as a class action. *See Cruz v. Sky Chefs, Inc.*, No. C-12-02705 DMR, 2013 WL 1892337,

2013 U.S. Dist. LEXIS 65114, at *18 (N.D. Cal. May 6, 2013) (denying defendants' motion to strike when discovery had only recently begun).

Because the Court finds that this is not the appropriate time to strike or modify the class definitions in this action, the Court will not address whether the Arbitration Agreements will prevent potential class members from proceeding in the action. However, Defendant may resubmit its argument at the appropriate time.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Strike.

IT IS SO ORDERED.

Dated: March 26, 2015

Troy L. Nunley
United States District Judge