# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITA RODAS, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>MONETARY MANAGEMENT OF CALIFORNIA, INC., a Delaware Corporation; and DOES 1–10, inclusive,<br><br>Defendants. | No.  2:14-cv-01389-TLN-AC<br><br>**ORDER GRANTING PRELMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, APPROVING FORM OF NOTICE TO THE CLASS AND SETTING HEARING ON FINAL APPROVAL OF SETTLEMENT** |

The parties to the above-captioned action have agreed to settle pursuant to the terms and conditions set forth in a Preliminary Settlement Agreement (the "Settlement" or "Settlement Agreement").[1]  Plaintiff Tita Rodas's Motion for Preliminary Approval of Class Settlement (ECF No. 24) is unopposed, and the parties have filed the Settlement Agreement (ECF No. 24-2, Ex. B) with the Court.  After considering the papers and the arguments of counsel, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. For purposes of this Order, the Court adopts and incorporates all definitions set forth in the Settlement Agreement.

2. The Court finds that the requirements of Rule 23 of the Federal Rules of

---

[1] The Court adopts essentially verbatim the Proposed Order submitted by Plaintiff.  (ECF No. 24-3.)

1

Civil Procedure and other laws and rules applicable to the preliminary approval of class action settlements have been satisfied, and the Court preliminarily approves the settlement of this Action as memorialized in the Settlement Agreement, which is incorporated herein by this reference, as being fair, just, reasonable, and adequate to the settlement Class and its members, subject to further consideration at the Final Fairness and Approval Hearing described below.  Based on a review of the papers submitted, the Court finds that the Settlement is the result of extensive arms-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims, is recommended by Class Counsel, and is thus presumptively valid, subject only to any objections that may be raised at the final fairness hearing and final approval by this Court.  The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the Settlement is non-collusive.  The Court thus hereby:

>   (a) Conditionally certifies solely for the purpose of implementing the Settlement Agreement the Class defined in the Settlement Agreement;
>
>   (b) Appoints Plaintiff Tita Rodas as the Class Representative; and
>
>   (c) Appoints Gaines & Gaines, APLC as attorneys for the Class (Class Counsel) for purposes of settlements and finds for the purposes of settlement that these attorneys are qualified to represent the Class.

3. It is ordered that the Class defined in the Settlement Agreement is preliminarily certified for settlement purposes only.[2]  If the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class action certification as part of the Settlement shall have no bearing on, and will not be admissible in connection with, the issue of whether a class in this Action should be certified in a non-settlement context.  The Court's findings are solely for purposes of conditionally certifying a Settlement Class and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action against the Defendant, or in this litigation if the Settlement is not finally approved.

---

[2] Said class is defined as: "all persons employed by Monetary Management in the State of California in a non-exempt, retail store position at any time between May 6, 2010 and April 15, 2015." (Settlement Agreement, ¶ 4.)

    4. A hearing (the "Final Fairness and Approval Hearing") shall be held on April 21, 2016, at 2:00 p.m. before the Honorable Troy L. Nunley, in Courtroom 2 of the United States District Court for the Eastern District of California, located at 501 I Street, Sacramento, California 95814. At that time, the Court shall determine: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, just, reasonable and adequate and should be finally approved; (b) whether judgment as provided in the Settlement Agreement should be entered herein; and (c) whether to approve Class Counsel's application for an award of attorneys' fees and costs, Plaintiff's application for a service enhancement payment, and Plaintiff's request for payment of expenses to the Settlement Administrator. The Court may continue or adjourn the Final Fairness and Approval Hearing without further notice to members of the Class.

    5. The Court approves as to form and content, the Class Notice attached to the Settlement Agreement as Exhibit 1 and the Request for Exclusion Form attached to the Settlement Agreement as Exhibit 2. The Court finds that distribution of the Class Notice in the manner set forth in this Order and the Settlement Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all members of the Class, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable laws. The Class Notice set forth herein and in the Settlement Agreement provides a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed Settlement, and thereby meets the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution and any other applicable law, and shall constitute due and sufficient notice to all Class Members entitled thereto.

    6. The Court approves the selection of Rust Consulting, Inc. as the Settlement Administrator. The Settlement Administrator will administer the applicable provisions of the Settlement Agreement, including, but not limited to, distributing and providing the Class Notice and Request for Exclusion Form, preparing and issuing all disbursements of the Settlement Amount to Final Settlement Class Members, and handling inquiries about the calculation of

the individual settlement amounts.

7. The Parties are ordered to carry out and proceed with the Settlement according to the terms of the Settlement and this Order.

8. No later than ten (10) calendar days after the date of this Order, Defendant shall provide the Settlement Administrator with the following last known information for each Class Member: (1) name, (2) address, (3) telephone number, (4) Social Security Number, and (5) the number of workdays each Class Member worked in California in a non-exempt, retail store position between May 6, 2010 and April 15, 2015.

9. No later than twenty (20) calendar days after the date of this Order, the Settlement Administrator shall mail the Class Notice and Request for Exclusion Form to Class Members.

10. Any person may request to be excluded from the Class by mailing a completed Request For Exclusion Form by first class mail to the Settlement Administrator as provided in the Class Notice. Any such request will be timely only if postmarked no later than thirty (30) calendar days after the Class Notice is initially mailed to Class Members.

11. Class Counsel shall file a motion for approval of attorneys' fees and reimbursement of expenses and the Class Representative service enhancement payment no later than twenty (20) calendar days after the date of this Order, and Class Counsel shall file a motion for final approval of the Settlement no later than April 7, 2016.

12. Any Class Member who does not submit a Request for Exclusion Form may object to the approval of the Settlement or the award of attorneys' fees and reimbursement of expenses to Class Counsel or the award of a service enhancement payment to the Class Representative. Any such objection will be timely only if mailed to the Settlement Administrator by first class mail as provided in the Class Notice and postmarked no later than thirty (30) calendar days after the Class Notice is initially mailed to Class Members. Class Counsel shall file any objections with the Court promptly upon their receipt.

13. Any Class Member who has filed and served such written objections may, but is not required to, appear himself or herself, or through counsel, at the Final Fairness and Approval Hearing and object to the approval of the Settlement or the award of attorneys' fees and

reimbursement of expenses to Class Counsel or the award of a service payment to the Class Representative. No Class Member, or any other person, shall be heard or entitled to contest the approval of the proposed Settlement, the judgment to be entered approving the same, the award of attorneys' fees and reimbursement of expenses to Class Counsel, or the award of a service enhancement payment to the Class Representative, unless that Class Member or other person has submitted written objections in the manner set forth herein.  The Parties may file any response to the objections submitted by objecting Class Members or other persons no later than the filing deadline for Plaintiff's motion for final approval of the Settlement.

14. Any Class Member or other person who does not file and serve his or her objection(s) in the manner so provided herein and in the Class Notice shall be deemed to have waived such objection(s) and shall forever be foreclosed from making any objection(s) to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement and the award of attorneys' fees and reimbursement of expenses to counsel and the right to appeal any orders that are entered relating thereto, unless otherwise ordered by the Court.

15. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order of Preliminary Approval shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement Agreement.

16. The Court reserves the right to adjourn the date of the Final Fairness and Approval Hearing and any adjournment thereof without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Parties to the settlement, if appropriate, without further notice to the Class.

Dated: February 23, 2016

_____
Troy L. Nunley
United States District Judge