UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITA RODAS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONETARY MANAGEMENT OF CALIFORNIA, INC., a Delaware corporation; and DOES 1 through 10,<br><br>Defendants. | No. 2:14-cv-01389-TLN-AC<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT** |

On April 21, 2016, the Court conducted a hearing regarding final approval of the settlement and release of claims in this matter, and Plaintiff's application for approval of attorney's fees and costs, class representative Tita Rodas' service payment, and settlement administration expenses. The parties appeared by and through their respective counsel of record.

After considering the moving papers and arguments of counsel, and good cause shown, the Court GRANTS Plaintiff's unopposed motion for final approval of class action settlement (ECF No. 28) and GRANTS Plaintiff's unopposed motion for award of attorney's fees and costs, class representative service payment, and settlement administration expenses (ECF No. 27), as follows.

1

1      1.  The Settlement Agreement and Release of Claims (ECF No. 24-2, Ex. B; hereinafter the "Settlement Agreement"[1]) and all definitions set forth therein are hereby incorporated with and made part of this Final Order and Judgment (hereinafter the "Final Order").

2.  The Court has jurisdiction over the subject matter of this action and all parties hereto, including the class members, as defined in the Settlement Agreement.  Specifically, the members of the class that are subject to this Final Order are: "[a]ll persons employed by Monetary Management in the State of California in a non-exempt, retail store position at any time between May 6, 2010 and April 15, 2015" who did not submit a timely and valid request for exclusion from the Settlement Agreement.  (ECF No. 24-2 at 11.)

3.  The Court finds that the settlement class meets the requirements for certification for settlement purposes, under Federal Rules of Civil Procedure 23(a) and (b).  (*See* ECF No. 28 at 24–27.)

4.  The Court finds that the form, manner and content of the class notice, as detailed in the Settlement Agreement and exhibits thereto (ECF No. 24-2, Ex. 1), provided a means of notice reasonably calculated to apprise the class members of the pendency of the action and the proposed settlement, and thereby meets the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(2), and constitutes due and sufficient notice to all class members entitled thereto.  Specifically, individual notice was provided to all class members by regular mail at their last known mailing address on file with Defendant Monetary Management of California, Inc., or an updated address obtained by the claims administrator, Rust Consulting, Inc.  (Pikus Decl., ECF No. 28-3.)

5.  The Settlement Agreement previously filed in this action, and the terms set forth therein, are hereby found and determined to be fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e), and are hereby approved and ordered to be performed by all parties.

6.  This Final Order applies to all claims or causes of action settled under the terms of the Settlement Agreement, and shall be fully binding with respect to all class members who did not

---

[1] The Settlement Agreement was also filed with Plaintiff's motion for attorney's fees & costs.  (ECF No. 27–2.)

2

properly request exclusion pursuant to the Order Granting Preliminary Approval of Class Action Settlement issued by this Court on February 24, 2016.  (ECF No. 26.)

7. As of the date of this Final Order, except as to such rights or claims that may be created by the Settlement, each released claim of each class member who did not timely submit a valid request for exclusion is hereby released as against the class members' released parties, including Defendant Monetary Management of California, Inc.  (ECF No. 24-2 at 18–19.)

8. The claims administrator shall conduct all administration of the maximum settlement and net settlement amounts, as those amounts are set forth in Plaintiff's motion for final approval of class settlement (ECF No. 28) and the Settlement Agreement.  The claims administrator shall disburse attorneys' fees and costs to class counsel from the maximum settlement amount as ordered by the Court.  The claims administrator shall prepare and issue all disbursements of the net settlement amount to the final settlement class.

9. The Court finds that Gaines & Gaines, APLC is qualified to represent the settlement class and confirms their appointment as class counsel.  The Court hereby grants class counsel's request for an award of attorney's fees in the amount of $298,500.00 and reimbursement of out-of-pocket costs in the amount of $18,138.44 to be paid from the maximum settlement amount.  The Court finds that the amount of this award is fair and reasonable in light of the efforts expended by class counsel in prosecuting this action and the results obtained.

10. The Court finds that the payment of $12,000.00 to the California Labor and Workforce Development Agency ("LWDA") in settlement of the LWDA's share of the penalties alleged by Plaintiff and compromised under the settlement is fair and reasonable.  The Court hereby gives final approval to and orders that the payment of that amount be made to the LWDA out of the maximum settlement amount in accordance with the terms of the Settlement Agreement.

11. The Court finds that it is appropriate for class representative Tita Rodas to be paid $12,000.00 as a service payment in recognition of her contribution to this litigation and service to the class, and as consideration of her release of claims against Defendant.  This payment shall be paid from the maximum settlement amount, as detailed in the Settlement Agreement.

12. The Court approves the payment of settlement administration expenses to Rust Consulting, Inc. in an amount not to exceed $20,000.00. This payment shall be made from the maximum settlement amount and any uncharged portion of this amount shall be added to the net settlement proceeds.

13. The Court retains jurisdiction over the parties for the purpose of construing, enforcing, and administering this Final Order and the terms of the Settlement Agreement.

14. In the event that the effective date defined in the Settlement Agreement does not occur, this Final Order shall be rendered null and void and shall be vacated, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiff, the class members, and Defendant. (*See* ECF No. 24-2 at 22.)

15. Class members must cash each of their individual payment amount checks within 180 calendar days after they are mailed by the settlement administrator. The value of any checks uncashed more than 180 days calendar days after mailing shall be deposited in the Department of Industrial Relations Unpaid Wage Fund (California Labor Code § 96.6) in the name of, and for the benefit of, the appropriate class member.

IT IS SO ORDERED.

Dated: April 29, 2016

Troy L. Nunley
United States District Judge

4